UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CAROLINA MEDINA, <br><br> Plaintiff, <br> v. <br><br> JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, (PACIFIC AREA AGENCY), <br><br> Defendant. | Case No.: 10-CV-04760-LHK <br><br> ORDER DENYING WITHOUT PREJUDICE REQUEST TO APPOINT COUNSEL; REFERRING LITIGANT TO FEDERAL PRO BONO PROJECT |

On October 21, 2010, Plaintiff filed the instant employment discrimination action, as well as a motion to proceed *in forma pauperis* and for appointment of counsel under the Civil Rights Act of 1964. After reassignment to the undersigned Judge, the Court granted Plaintiff's request to proceed *in forma pauperis*, but deferred consideration of the motion to appoint counsel until the Court could determine whether Plaintiff intended to pursue the case. The Court held a Case Management Conference on June 22, 2011, and Plaintiff appeared *pro se*. As discussed at the Case Management Conference, the Court DENIES without prejudice Plaintiff's request to appoint counsel and REFERS Plaintiff to the Federal Pro Bono Project.

**I.   Request for Appointment of Counsel**

Pursuant to 42 U.S.C. § 2000e-5(f)(1)(B), the district court has discretion to appoint counsel for a plaintiff bringing a federal employment discrimination action. Although the Court

1

has authority to appoint counsel, it "is certainly not obligated to appoint counsel in every employment discrimination case." *Johnson v. U.S. Dept. of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). "Three factors are relevant to the trial court's determination of whether to appoint counsel: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Id.* As the Court indicated at the Case Management Conference, the first and second factors support appointment of counsel. The Court has already granted Plaintiff's motion to proceed *in forma pauperis*, and Plaintiff's sworn declaration demonstrates that she is unable to afford representation. Plaintiff also provides the names of a legal services organization and two other attorneys she contacted and who declined to provide representation. Particularly given Plaintiff's limited resources, this represents a sufficient effort by Plaintiff to secure counsel on her own.

As to the third factor, however, the Court finds that the merits of plaintiff's claim do not justify appointment of counsel at this time. On the one hand, Plaintiff's Complaint and Case Management Statement contain serious allegations of sexual harassment in the workplace. On the other hand, it appears that Plaintiff failed to report many of the claimed instances of harassment and that these claims may be untimely. Because the Court cannot say, at this time, that Plaintiff's claims are likely to have merit, the Court DENIES Plaintiff's request for appointment of counsel without prejudice. However, because Plaintiff's Complaint rests on serious allegations of sexual harassment that may ultimately have merit, the Court will refer Plaintiff to the Federal Pro Bono Project for referral to a volunteer attorney. *See Lee v. AT & T Corp.*, No. C 09-05614 RS, 2010 WL 2348683 (N.D. Cal. June 8, 2010) (referring plaintiff with potentially meritorious claims to the Federal Pro Bono Project after denying request to appoint counsel). The Federal Pro Bono Project will provide Plaintiff assistance in locating an attorney willing to represent her on a *pro bono* basis, either for the entire case or in a limited capacity. If the Project is able to locate a volunteer attorney for Plaintiff, then the Court will appoint that attorney as Plaintiff's counsel.

Case No.: 10-CV-04760-LHK
ORDER DENYING WITHOUT PREJUDICE REQUEST TO APPOINT COUNSEL; REFERRING LITIGANT TO FEDERAL PRO BONO PROJECT

## II. Referral to the Federal Pro Bono Project

As discussed above, Plaintiff Carolina Medina has requested and is in need of counsel to assist her in this matter. Good cause appearing, it is hereby ordered that Plaintiff shall be referred to the Federal Pro Bono Project in the manner set forth below:

1. The clerk shall forward to the Pro Bono Project Silicon Valley ("PBPSV") one copy of the court file with a notice of referral of the case pursuant to the guidelines of the Federal Pro Bono Project for referral to a volunteer attorney.
2. If the PBPSV notifies the Court that an attorney has been located to represent Plaintiff, that attorney shall be appointed as counsel for Plaintiff.
3. Upon appointment of counsel for Plaintiff, the Court will stay the case for a period of time to be determined in consult with the parties.

Pursuant to the Pro Bono Project Guidelines, the Court has attached a copy of the Instruction Sheet for Litigants. Plaintiff is directed to read and follow the instructions carefully.

**IT IS SO ORDERED.**

Dated: June 27, 2011

_____
LUCY H. KOH
United States District Judge

3
Case No.: 10-CV-04760-LHK
ORDER DENYING WITHOUT PREJUDICE REQUEST TO APPOINT COUNSEL; REFERRING LITIGANT TO FEDERAL PRO BONO PROJECT